UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENE NEVILS, | ) |
| | ) |
| Plaintiff, | ) No. 3:12-cv-01086 |
| | ) Judge Sharp |
| v. | ) |
| | ) |
| AL NATIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## M E M O R A N D U M

The plaintiff, an inmate at the Williamson County Jail in Franklin, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against General Sessions Court Judge Al Nations in his individual capacity, officer Darren Barnes in his individual capacity, the Franklin Police Department, and detectives Keith Martin and Sergio Guerra in their individual capacities. (Docket No. 1). The plaintiff seeks an award of monetary damages. (*Id*. at p. 5).

**I.    PLRA Screening of the Complaint**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b).  Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

1

## II. Section 1983 Standard

The plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III. Allegations in the Complaint

The plaintiff alleges that he was arrested and taken into custody on March 16, 2012, by defendants Barnes, Martin, and Guerra for allegedly possessing marijuana and cocaine that belonged to Annette Roberts. The plaintiff claims that the police officers arrested the plaintiff without probable cause.

The plaintiff further alleges that, during his court hearing before General Sessions Court Judge Nations on March 20, 2012, the judge found probable cause for the charges against the plaintiff and bound the case to the grand jury even though Ms. Roberts had admitted that the pill bottle containing the drugs belonged to her and not to the plaintiff. (Docket No. 1 at p. 5). On the basis of these allegations, the plaintiff asserts claims against the officers, the judge, and the Franklin Police Department for false arrest.

2

**IV.     Analysis**

First, the plaintiff names General Sessions Judge Al Nations as a defendant in this case and seeks only monetary damages ($500,000) as relief with regard to his claim against Judge Nations. (Docket No. 1 at p. 5).   However, judges are absolutely immune from liability for damages under § 1983.  *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997).   Thus, as to defendant Judge Nations, the plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A.

Next, the plaintiff names the Franklin Police Department as a defendant in this case.  The Franklin Police Department is an arm of the city of Franklin, such that the claims against the police department are appropriately construed as being asserted against the city itself.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.") Although a municipality may be a "person" for purposes of § 1983, the law is clear that a municipal government "cannot be held liable solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 based on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

Thus, a city such as Franklin cannot be held responsible for a constitutional deprivation unless there is a "direct causal link" between a municipal policy or custom and the alleged constitutional deprivation. *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996). The Sixth Circuit has held that, to establish the requisite causal link, the plaintiff must "identify the policy,

3

connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quotations omitted).

In this case, the plaintiff alleges that "[a] few years back" he "had the same problem with the Franklin Police Department" and defendant Guerra. (Docket No. 1 at p. 5). The plaintiff alleges that on September 11, 2011, he went before Judge Nations for a different drug charge and the officers involved "couldn't prove what they said they came in [the plaintiff's] house for." (*Id.* at p. 6). Even construing the *pro se* plaintiff's allegations liberally, the court finds the plaintiff's allegations too tenuous and unspecific as to support a claim of municipal liability against the city of Franklin. Therefore, those claims will be dismissed.

As to the plaintiff's remaining claims against officers Barnes, Martin, and Guerra, a false arrest claim requires a plaintiff to show that the underlying arrest lacked probable cause. *See, e.g., Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009)(for a wrongful arrest claim to succeed under § 1983, plaintiff must prove that police lacked probable cause); *Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006)(quoting *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985)("[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff.")); *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988)("[A]rrest without a warrant does not violate the Fourth Amendment if probable cause exists

4

for the arresting officer's belief that a suspect has violated or is violating the law.")

Generally, probable cause exists when the police have "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). "Probable cause determinations involve an examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Sixth Circuit precedent suggests that, in the context of a warrantless arrest, a police officer may be under some duty to make a reasonable investigation in determining whether adequate probable cause exists for an arrest.

Under these principles, based on the factual allegations set forth in the plaintiff's complaint, the court finds that the plaintiff has, at least for purposes of the initial screening, stated colorable claims against officers Barnes, Martin, and Guerra for false arrest. The court cautions the plaintiff that this is a preliminary finding only. The court finds merely that the complaint states a claim for false arrest against the police officers in their individual capacities and will permit service to be effected upon these defendants. The court makes no finding herein as to the merits of the plaintiff's claims.

## V. Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against Judge Al Nations and the Franklin Police Department. 28 U.S.C. § 1915A. Thus, the plaintiff's claims against those defendants will

5

be dismissed. However, as to the plaintiff's claims against defendants Barnes, Martin, and Guerra, the court finds that the complaint states non-frivolous claims for false arrest under Section 1983.

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge