IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENE NEVILS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:12-1086 |
| ) | JUDGE SHARP/KNOWLES |
| ) | |
| AL NATIONS, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Amend Cases" filed by the pro se prisoner Plaintiff. Docket No. 37. The Motion purports to have been filed in two separate cases (the instant case as well as *Gene Nevils v. State of Tennessee, et al.*, No. 3:13-0261, United States District Court for the Middle District of Tennessee) and in two different courts (the U.S. District Court for the Middle District of Tennessee and the "U.S. District Court of Appeals [*sic*] for the Sixth Circuit (Cincinnati))." *Id.*

The Motion seeks to add a number of Defendants in their official and individual capacities and to "double" the amount of damages sought in the Complaint.

After stating "grounds for this amendment and increase are stated below," Plaintiff simply lists the following matters:

        1) Toilet paper, only available by purchase of, at cost of 1$ per roll

        2) Unhealthy living conditions, such as

        A) Black mold

> B) Plumbing not working properly
>
> C) Floor drains giving off odor ass [*sic*] gasses
>
> D) Medical services available at a $25 charge
>
> 3A) Legal and personal mail being opened as it leaves the facility after being sealed by plaintiff
>
> 4A) Food served at unsafe temperatures, not handled correctly, and expired
>
> 5A) The ongoing legal process, has been halted by an apparent loss of evidence, and discovery and recordings, and General Sessions transcript.
>
> 6A) An apparent racial partiality, or discrimination, as well as discrimination because of this ongoing legal process within the US Court by the below stated individuals in their official and independent capacity of their offices held.
>
> 7A) Rodents and pestilence

Docket No. 37, p. 1-2.

Plaintiff also provides a "List of Amend [*sic*] Defendants," which simply names approximately 15 individuals, and several groups, including the "City of Franklin Police Department," "21st District Judges," "Office of Public Defender 21st District," Office of District Attorney 21st District," "Williamson County Sheriff's Department," and "Office of Tennessee Bureau Investigations Lab Technicians." The list also includes "Southern Health Partners, Inc.," and "McClemore Bonding Company." The Motion, however, makes no factual allegations with regard to any of these potential Defendants.

The instant Motion was filed August 8, 2013. Approximately six months ago, on February 22, 2013, the undersigned entered a Scheduling Order in this action, which set a deadline for filing Motions to Amend the Pleadings of April 25, 2013. Docket No. 26, p. 2.

Plaintiff offers no explanation for why he failed to comply with that deadline.

Moreover, in considering whether to grant a Motion to amend a pleading, the Court can consider whether the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178 (1962). In the instant Motion, Plaintiff has simply provided a "laundry list" of complaints and a list of proposed Defendants. He makes no specific allegations as to how any of the Defendants are connected with any of his proposed claims.

For the foregoing reasons, the instant Motion to Amend Cases (Docket No. 37) should be DENIED, insofar as it relates to the instant case. As the Motion may relate to *Nevils v. State of Tennessee*, the Court will enter a separate Report and Recommendation in that action.

Plaintiff is advised that the two cases referred to above are separate cases that have not been consolidated. Plaintiff cannot file identical copies of the same Motion in both cases, nor can he consolidate the cases merely by listing both case numbers.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

4