# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **GENE NEVILS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:12-cv-01086** |
| | ) | **Judge Sharp / Knowles** |
| **v.** | ) | |
| | ) | |
| **AL NATIONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

Pending before the Court is a Motion for Summary Judgment filed by Defendants Darren

Barnes, Sergio Guerra, and Keith Martin, the only remaining Defendants in this action.[1]  Docket

No. 43.  Defendants have contemporaneously filed a supporting Memorandum of Law (Docket

No. 44), a Statement of Undisputed Material Facts (Docket No. 45), the Affidavit of Defendant

Darren Barnes (Docket No. 46-1), and numerous other Exhibits (Docket Nos. 46-2 to 46-7).

Plaintiff has not responded to Defendants' Motion or Statement of Undisputed Facts.[2]

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 USC § 1983, essentially

alleging that Defendants falsely arrested him when, on March 16, 2012, they "gave [him] drug

---

[1] On November 26, 2012, General Sessions Court Judge Al Nations and the Franklin
Police Department were terminated as Defendants and dismissed from this action pursuant to an
Order entered by Judge Sharp.  Docket No. 9.

[2] On November 14, 2013, nearly 2 months after the instant Motion and supporting
materials were filed, Plaintiff submitted a letter to the Court.  Docket No. 47.  Plaintiff's letter
does not appear to be a Response to the instant Motion.  The undersigned notes, however, that
even if Plaintiff's letter was intended to be a Response to the instant Motion, the undersigned
would be unable to consider it because it is untimely and unsworn.  *See id.*

charges," when someone else "admitted" the drugs belonged to her. Docket No. 1. Plaintiff

complains that the person who "admitted" the drugs belonged to her received a citation and then

probation, while he was arrested for the drug charges, indicted, and held in Jail. *Id.* Plaintiff

also avers that he had "the same problem" a "few years back," when Defendant Guerra "set

[Plaintiff] up with a C.I. (Confidential Informant) to give [Plaintiff] drugs, but [Plaintiff] had the

case dismissed for an illegal stop." *Id.* Plaintiff additionally states that, on September 11, 2011,

he was back in Court and in front of Defendants for a manufacture of controlled substance

charge; that that case was also bound over to the grand jury; and that those charges remain

pending. *Id.* Plaintiff sues Defendants solely in their individual capacities. *Id.* Plaintiff seeks

$1,500,000 from each Defendant. *Id.*

Defendants filed the instant Motion and supporting materials arguing that they are

entitled to summary judgment because there are no genuine issues of material fact; they are

entitled to a judgment as a matter of law; and they are entitled to qualified immunity. Docket

Nos. 43 - 46-7. Specifically, Defendants argue that they have done nothing to infringe upon

Plaintiff's rights, as it is undisputed that Plaintiff was already in police custody pursuant to a

Williamson County, Tennessee, Grand Jury Indictment, prior to being served the arrest warrant

upon which Plaintiff complains.[3] Docket No. 43. Defendants explain:

> At the outset, it should be noted that the Defendants['] purpose for arriving at 216 Walnut on March 16, 2012, was to execute a Grand Jury Capias on the Plaintiff for seven violations of T.C.A. 39-17-417, entitled Delivery of Schedule II Narcotics Controlled Substance (the "Grand Jury Capias"). The subsequent

---

[3] There were two separate arrests of Plaintiff on March 16, 2013: the first was made pursuant to a Grand Jury Indictment; and the second was made while Plaintiff was at the Williamson County Jail. Docket No. 44, p. 7.

2

simple possession/casual exchange charge ("Simple Possession Charge") was only added to the Plaintiff's laundry list of charges, and executed pursuant to an arrest warrant, because of the evidence and information gathered during the Plaintiff's initial arrest at 216 Walnut.

On the day in question, and set forth in more detail below, the Defendants were seeking the Plaintiff to execute the outstanding Grand Jury Capias issued against him. When the Plaintiff arrived, the Defendants immediately took the Plaintiff into custody while the woman he was with, Annette Roberts ("Ms. Roberts"), entered the residence. Upon receiving permission to enter the home, Detective Barnes escorted to [*sic*] a sweater and purse belonging to Ms. Roberts. When he picked up the sweater, and unlabeled pill bottle fell to the ground. Detective Barnes requested she open it, and he discovered among other things, white powder later identified as cocaine ("Cocaine") and a marijuana cigarette inside. Ms. Roberts identified the Plaintiff as the owner of the Cocaine and marijuana cigarette.

The Plaintiff was then shown the pill bottle's contents. He admitted to owning the cocaine and marijuana cigarette. Ms. Roberts, after being Mirandized, later wrote her statement out. Det. Barnes then obtained an arrest warrant and served the Plaintiff while he was still being detained pursuant to the Grand Jury Capias.

Docket No. 44, p. 1-2.

To the extent that Plaintiff's Complaint revolves around alleged false arrest for the

Simple Possession charge, Defendants Guerra and Martin argue that they could not have violated

Plaintiff's rights because they were not involved with Defendant Barnes' decision to charge

Plaintiff with Simple Possession. *Id.,* p. 8. Defendants Guerra and Martin also contend that,

because Plaintiff was already in police custody, they did not arrest, detain, or otherwise impede

his liberty as a result of the Simple Possession charge, and accordingly, cannot be liable to him

for false arrest. *Id.* With regard to the potential liability of Defendant Barnes, Defendant Barnes

argues that he had probable cause to arrest Plaintiff and charge him with Simple Possession

because he knew that Plaintiff had been in close proximity to the drugs; Ms. Roberts told him

3

that Plaintiff had given her the drugs; Plaintiff admitted to owning the drugs; and he was aware

that Plaintiff was known to sell and possess controlled substances. *Id.*, p. 11-13. Defendant

Barnes also asserts that Plaintiff was arrested pursuant to a facially valid arrest warrant. *Id.*, p.

13.

To the extent that Plaintiff's Complaint may allege false arrest for the Grand Jury Capias,

Defendants argue that they arrested Plaintiff on a properly issued Grand Jury Capias, which

conclusively establishes probable cause, such that they cannot be held liable for false arrest. *Id.*,

p. 10-11. Defendants also assert that they are qualifiedly immune from liability in this case. *Id.*,

p. 15-18.

For the reasons to be discussed below, the undersigned finds that there are no genuine

issues of material fact and that Defendants are entitled to a judgment as a matter of law.

Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be

GRANTED.

## II. Facts[4]

Plaintiff was convicted of two simple possession charges prior to March 16, 2012.

Docket No. 46-1, Affidavit of Detective Darren Barnes ("Barnes Aff."), ¶ 4; Docket No. 46-2,

Certified copies of Plaintiff's previous convictions.

On March 14, 2012, a Grand Jury Capias was issued for Plaintiff's arrest. Barnes Aff., ¶

5; Docket No. 46-4, Grand Jury Capias. On March 16, 2012, Defendants Guerra and Martin

asked Defendant Barnes to accompany them to locate and arrest Plaintiff. Barnes Aff., ¶ 6.

Defendants were informed that Angela Wilson, another person whom they were seeking to serve

---

[4] The following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

4

a Grand Jury Capias related to Plaintiff's charges, was at 216 Walnut Drive, Franklin, Tennessee, 37064. *Id.* When Defendants arrived at 216 Walnut, they were informed that Plaintiff should be arriving within the next few minutes. *Id.*, ¶ 7. Within 5 minutes of Defendants' arrival at 216 Walnut, Plaintiff and Annette Roberts ("Ms. Roberts") arrived in Plaintiff's vehicle. *Id.*, ¶ 8. Defendant Barnes recognized Plaintiff on site. *Id.*, ¶ 9.

Pursuant to the Grand Jury Capias, Defendants immediately took Plaintiff into custody without incident. *Id.*, ¶ 11. While Plaintiff was being arrested, Defendant Guerra noticed Ms. Roberts exit Plaintiff's vehicle and quickly enter the residence with some items in her hand. *Id.*, ¶ 12. Ms. Roberts left the residence a short time later without the items. *Id.* Ms. Roberts' actions were brought to the attention of Defendant Barnes. *Id.* Defendant Barnes found Ms. Roberts' activity suspicious, so he asked Mr. Hendricks, the owner of the residence, if he too, had seen Ms. Roberts enter the residence with some items. *Id.*, ¶ 13. Mr. Hendricks informed Defendant Barnes that Ms. Roberts was not a resident of the home, and that she had left some items on a couch upon walking in. *Id.*, ¶ 14. Mr. Hendricks gave Defendant Barnes permission to enter the home and took him to the items, which included a sweater and a purse. *Id.,* ¶¶ 14, 15. When Defendant Barnes picked up the sweater to confirm with Mr. Hendricks that it belonged to Ms. Roberts, an unmarked pill bottle fell out. *Id.*, ¶ 16.

Ms. Roberts entered the room soon after Defendant Barnes had entered the room. *Id.*, ¶ 17. She confirmed that the unmarked pill bottle belonged to her, and stated that she kept her medication in the bottle. *Id.* Defendant Barnes advised Ms. Roberts that keeping her pills in an unmarked pill bottle was illegal, and asked her if he could open the bottle; she agreed. *Id.*, ¶ 18. Defendant Barnes discovered approximately 10 unmarked pills (which were later identified as

Hydrocodone and Xanax), a white powdery substance (which was later identified as Cocaine), and a marijuana cigarette. *Id.*, ¶ 19. Ms. Roberts informed Defendant Barnes that the pills were hers, but that Plaintiff had given her the Cocaine and marijuana cigarette while driving to 216 Walnut. *Id.*, ¶ 20. No other officers were in the residence during Defendant Barnes' conversation with Ms. Roberts. *Id.*, ¶ 21.

Ms. Roberts and Defendant Barnes exited the residence, and Defendant Barnes poured the contents of the pill bottle on to the hood of Plaintiff's car. *Id.*, ¶ 22. Ms. Roberts confirmed that she owned the pills, and Plaintiff admitted that the Cocaine and marijuana cigarette belonged to him. *Id.* Ms. Roberts was then taken in to custody. *Id.*, ¶ 23.

At the Franklin Police Department Headquarters, Plaintiff and Ms. Roberts were placed in separate interview rooms. *Id.*, ¶ 24. Ms. Roberts was Mirandized. *Id.* She agreed to sign an Admonition and Waiver form and wrote out the information she had conveyed to Defendant Barnes at 216 Walnut. *Id.*; Docket No. 46-5. In her statement, Ms. Roberts identified Plaintiff as her brother. *Id.* At that time, Ms. Roberts had no criminal history, so she was cited for misdemeanor simple possession and released. *Id.*, ¶ 25.

Defendant Barnes, without the aid of either Defendant Guerra or Defendant Martin, obtained a warrant for Plaintiff's arrest for Simple Possession 3rd or Greater, a felony offense. *Id.*, ¶ 26; Docket No. 46-6. Defendant Barnes served the arrest warrant for Simple Possession 3rd or Greater on Plaintiff while he was in police custody awaiting a bail hearing on the drug charges for which the Grand Jury sought his arrest. *Id.*, ¶ 27. On March 20, 2012, General Sessions Judge Al Nations found probable cause existed as to the Simple Possession 3rd or Greater charge. *Id.*, ¶ 28.

6

### III.  Law and Analysis

#### A.  Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response,
> memorandum, affidavits, and other responsive material not later
> than fourteen (14) days after service of the motion, except, that in
> cases of a motion for summary judgment, that time shall be
> twenty-one (21) days after the service of the motion, unless
> otherwise ordered by the Court.  Failure to file a timely response
> shall indicate that there is no opposition to the motion.

Defendants filed the instant Motion on September 27, 2013.  Docket No. 43.  Plaintiff has

failed to timely respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules

56.01(c) and (g) state, in pertinent part:

> c.  Any party opposing the motion for summary judgment must
> respond to each fact set forth by the movant ...
>
> . . .
>
> g.  Failure to respond to a moving party's statement of material
> facts, or a non-moving party's statement of additional facts, within
> the time periods provided by these Rules shall indicate that the
> asserted facts are not disputed for the purposes of summary
> judgment.

Plaintiff has also failed to timely respond to Defendants' Statement of Undisputed Facts.

Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts

are not disputed for the purposes of summary judgment."  Accordingly, there are no genuine

issues as to any material fact and all that remains to be determined is whether Defendants are

entitled to a judgment as a matter of law.

7

**B. Summary Judgment Standards**

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff

has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir.

1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the
> movant simply because the adverse party has not responded. The
> Court is required, at a minimum, to examine the movant's Motion
> for Summary Judgment to ensure that he has discharged [his
> initial] burden ... The federal rules require that the party filing a
> Motion for Summary Judgment "always bears the burden of
> demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their

burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the

burden of proving the absence of a genuine issue as to material fact concerning an essential

element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.

1989). In determining whether the moving party has met its burden, the Court must view the

evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v.*

8

*Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273.  When this occurs, the moving party is entitled to summary judgment as a matter of law.  *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C.  The Case at Bar

As an initial matter, as has been noted, Plaintiff's failure to properly respond either to Defendants' Motion or Statement of Undisputed Facts means that the facts contained therein are deemed admitted and undisputed for summary judgment purposes.  *See* Fed. R. Civ. P. 56; Local Rule 56.  Accordingly, there are no genuine issues of material fact, and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

With regard to Plaintiff's initial March 16, 2013 arrest, it is undisputed that Defendants went to 216 Walnut to arrest Plaintiff pursuant to a Grand Jury Capias.  It is further undisputed that, when serving the Grand Jury Capias arrest warrant, Plaintiff was immediately taken into custody without incident.  Because it is undisputed that Plaintiff was immediately arrested pursuant to a Grand Jury Capias, Defendants simply cannot be liable to him for false arrest.

9

Accordingly, Defendants are entitled to a judgment as a matter of law on this claim.

With regard to Plaintiff's second March 16, 2013 arrest, that undisputably occurred while he was already in custody and awaiting a bond hearing on the Grand Jury Capias charges, it is undisputed that Defendants Guerra and Martin were not involved in that arrest or the charges associated therewith. Accordingly, Defendants Guerra and Martin cannot be held liable for that arrest, and they are entitled to a judgment as a matter of law. Inasmuch as Defendant Barnes filed the Simple Possession 3rd or Greater charges and obtained the arrest warrant therefore, it is undisputed that Defendant Barnes had probable cause to do so, as, *inter alia*, Plaintiff had admitted that the Cocaine and marijuana were his. Because Defendant Barnes had probable cause to arrest Plaintiff for the Simple Possession 3rd or Greater charge, he cannot be held liable for false arrest, and he is also entitled to a judgment as a matter of law.

### IV.  Conclusion

For the reasons discussed above, there are no genuine issues of material fact and Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 43) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge

11